# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

ULTIMATE OUTDOOR  
MOVIES, LLC, et al.,

    Plaintiffs,

v.      Civil Case No.: SAG-18-2315

FUNFLICKS, LLC, et al.,

    Defendants,

v.

DARRELL LANDERS and  
LND TECHNOLOGIES, LLC,

    Third-Party Defendants.

\* \* \* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM OPINION

On July 27, 2018, Plaintiffs Ultimate Outdoor Movies, LLC and Laura Landers ("Plaintiffs") filed suit against Defendants Charles Hunter, Matthew Dias, and FunFlicks Audiovisuals (collectively "the California Defendants"); Todd Severn and FunFlicks, LLC (collectively, "the Severn Defendants"); and James Gaither and NATJAY, LLC (collectively, "the Gaither Defendants"). ECF 1. On April 10, 2019, the Severn Defendants filed a Third-Party Complaint and a Motion for Preliminary Injunction against Darrell Landers ("Darrell Landers") and his company, LND Technologies, LLC ("LND") (collectively, "the Third-Party Defendants"). ECF 105, 106.

Presently pending is the Third-Party Defendants' Motion to Dismiss the Third-Party Complaint. ECF 119. The Severn Defendants opposed the motion, ECF 132, and the Third-Party Defendants filed a Reply, ECF 139. Also pending is the Severn Defendants' Motion for

Preliminary Injunction against the Third-Party Defendants. ECF 106. The Third-Party Defendants opposed the motion, ECF 118, and the Severn Defendants filed a Reply, ECF 131.

The Court declines to hold a hearing on the Severn Defendants' Motion for Preliminary Injunction. A preliminary injunction hearing is "not required when no disputes of fact exist and the denial of the motion is based upon the parties' written papers." *Fundamental Admin. Servs., LLC v. Anderson*, Civil No. JKB-13-1708, 2015 WL 2340832, at *1 (D. Md. May 13, 2015) (citing *Aoude v. Mobil Oil Corp.*, 862 F.2d 890, 893-94 (1st Cir. 1988) ("an evidentiary hearing is not an indispensable requirement when a court allows or refuses a preliminary injunction")). "[P]reliminary injunctions are denied without a hearing, despite a request for one by the movant, when the written evidence shows the lack of a right to relief so clearly that receiving further evidence would be manifestly pointless." 11A Charles Alan Wright, Arthur R. Miller, & Mary Kay Kane, *Federal Practice and Procedure* § 2949 (3d ed. 2019). Here, the parties' written submissions do not raise a question of fact that must be resolved before the Court may rule on the Severn Defendants' motion. Thus, no hearing is necessary to resolve the motions. *See* Local Rule 105(6) (D. Md. 2018).

For the reasons stated below, I shall deny both pending motions.

**I. Background[1]**

This case is based on a dispute over an outdoor movie business known as FunFlicks. ECF 105 ¶ 17. Defendant Todd Severn ("Severn") is the owner of Defendant FunFlicks, LLC of Maryland ("FF-Severn"). *Id.* ¶ 2. FF-Severn owned the FunFlicks brand for more than twelve years, until January 2013. *Id.* ¶ 18. During this time, FF-Severn licensed the FunFlicks brand to licensees nationwide. *Id.* ¶ 19. In or about 2008, FF-Severn entered a license agreement with

---

[1] The facts are derived from the Severn Defendants' Third-Party Complaint, ECF 105, and attached exhibit, ECF 105-1.

Darrell Landers for the Austin, Texas territory. *Id.* ¶ 20. On or about June 18, 2010, Darrell Landers registered Fun Flicks Outdoor Movies of Texas, Inc. ("UOM") as an entity in Texas. *Id.* ¶ 21. In 2011, Darrell Landers was a 60% owner of UOM, and his wife, Laura Landers, was a 40% owner.[2] *Id.* ¶ 22.

In or about 2012, Darrell Landers registered another entity, FunFlicks, Inc., in Texas, which was renamed LND Technologies, LLC on or about November 9, 2018 ("LND").[3] *Id.* ¶¶ 4, 6. Also in 2012, Darrell Landers and Laura Landers entered additional licensing agreements, through UOM, for additional cities, including Dallas, Houston, San Antonio, Oklahoma City, Tulsa, Memphis, Nashville, and Huntsville. *Id.* ¶¶ 23, 24. On or about December 31, 2012, Darrell Landers, through LND, entered into an Asset Sale and Purchase Agreement ("the APA") to purchase the FunFlicks brand from FF-Severn for $2.5 million. *Id.* ¶ 25. Under the APA, FF-Severn held a Security Agreement, and LND made a down payment to FF-Severn, agreeing to pay the remaining balance of the $2.5 million purchase price under a Seller Take Back Financing Promissory Note ("the Note"). *Id.* ¶¶ 26, 27.

In or around 2016, Laura Landers became the sole owner of UOM, and Darrell Landers became the "majority and/or sole owner" of LND. *Id.* ¶ 31. Around the same time, Darrell Landers and Laura Landers signed a 10-year non-monetary agreement between UOM and LND. *Id.* ¶ 32. In October, 2017, the Severn Defendants allege that LND defaulted on the Note, with roughly $2 million still owed. *Id.* ¶ 33. Thereafter, FF-Severn and LND began negotiating a restructuring of

---

[2] Darrell Landers and Laura Landers were married sometime in July, 2017. ECF 105 ¶ 13.

[3] Although it was not renamed until 2018, for continuity and ease of reference, the Court will use "LND" to refer to Darrell Landers's FunFlicks, Inc. entity, which was first reorganized into FunFlicks, LLC (of Texas) in 2016, before its renaming to LND Technologies, LLC in 2018. *See* ECF 105 ¶¶ 5, 6.

the APA. *Id.* ¶ 34. On or about December 21, 2017, after negotiations had deteriorated, FF-Severn exercised its rights under the Note to take back the FunFlicks brand from LND. *Id.* ¶¶ 35-46.

Subsequently, FF-Severn sold FunFlicks to FunFlicks Audiovisuals ("FF-AV'), a Defendant in the underlying lawsuit, to satisfy the $2 million unpaid by LND, leaving a deficiency of approximately $500,000.00. *Id.* ¶ 47. On March 3, 2018, the Severn Defendants executed a Release and Settlement Agreement ("the Release") with Darrell Landers and LND, settling their dispute over the APA. *Id.* ¶ 52; ECF 105-1. The Release, attached as an exhibit to the Third-Party Complaint, was signed by Darrell Landers, individually and on behalf of LND, and by Severn, individually and on behalf of FF-Severn, all of whom are defined in the Release as "the Parties." ECF 105-1 at 2-11. The "Mutual General Release" provision provides,

> Each of the parties, through the undersigned, on behalf of themselves and their successors in interest, assigns, officers, shareholders, agents, employees, and partners, irrevocably and unconditionally releases and discharges each of the Parties of any and all contracts, agreements, promises, indebtedness, obligations, sums owed, liability, claims, and/or causes of action, including any claims for attorneys' fees, that they, he, or it may have, whether any of the foregoing are known or unknown, that in any way arise from or relate to the APA, the Seller Take Back Financing Note, the Security Agreement, and any associated agreements and instruments, the Default Notice, the Sale Notice, the Third Party Sale, the Deficiency, or any decision, event, act, transaction, agreement, contract, or occurrence that took place or was executed prior to the date of this Agreement. The Parties understand that this mutual release contained in this Agreement includes all claims they have ever had or may now have against any other Party up to the date of this Agreement, including but not limited to, all claims arising out of or related [sic] the Parties' business, relationship and/or agreements, all claims for breach of express or implied contract, and all other federal, state, or local statutory and/or common law claims. . . . Any and all claims or potential claims or causes of action that either Party has, may have, or that may arise in the future from events occurring after the date of this Agreement are not meant to be covered by the mutual general release of this Agreement. <u>This is a general release for acts, agreements, events, and claims between the parties predating this Agreement.</u>

*Id.* ¶ 8; ECF 105 ¶ 55. In addition, the Third-Party Defendants made affirmative covenants, representations, and warranties, including:

4

> [T]he Landers Entities will not voluntarily aid, abet, collude with, or conspire with, any individual or entity with respect to bringing or litigating any claim or cause of action against the Severn Entities based on any conduct or event that occurred prior [to] the Effective Date of this Agreement…

ECF 105-1 ¶ 4(e); ECF 105 ¶ 54.

On or about June 14, 2018, Darrell Landers sent an email to "darrell@funflicks.com," posing as a client seeking FunFlicks services. ECF 105 ¶ 60. On July 27, 2018, Laura Landers and UOM filed the underlying lawsuit against the Severn Defendants, among others, alleging damage to UOM's business, as a result of the Severn Defendants "actions and/or inactions involving their take back and re-sale of FunFlicks to FF-AV." *Id.* ¶¶ 57, 58; *see* ECF 1. Plaintiffs filed an Amended Complaint on November 8, 2018, which included references to the Third-Party Defendants, as well as exhibits of emails and text messages from Darrell Landers regarding the APA negotiations, dated prior to March 3, 2018. ECF 105 ¶¶ 69-74; *see* ECF 21. In addition, Plaintiffs' Motion for Preliminary Injunction, ECF 33, and corresponding Reply, ECF 58, were supported by affidavits from Darrell Landers. ECF 105 ¶¶ 75-81; *see* ECF 33-12, 58-1.

The Severn Defendants allege that the Third-Party Defendants' actions violated the terms of the Release, constituting a breach of contract, for which they seek monetary damages, specific performance, and injunctive relief. ECF 105 ¶ 59. They also seek a preliminary injunction, enjoining the Third-Party Defendants from "aiding, abetting, colluding with, and/or conspiring with" Plaintiffs in the underlying lawsuit. ECF 106 at 1.

## II. Motion to Dismiss

### A. Legal Standard

Under Rule 12(b)(6), a defendant may test the legal sufficiency of a complaint by way of a motion to dismiss. *In re Birmingham*, 846 F.3d 88, 92 (4th Cir. 2017); *Goines v. Valley Cmty. Servs. Bd.*, 822 F.3d 159, 165-66 (4th Cir. 2016); *McBurney v. Cuccinelli*, 616 F.3d 393, 408 (4th

5

Cir. 2010), *aff'd sub nom.*, *McBurney v. Young*, 569 U.S. 221 (2013); *Edwards v. City of Goldsboro*, 178 F.3d 231, 243 (4th Cir. 1999). A Rule 12(b)(6) motion constitutes an assertion by a defendant that, even if the facts alleged by a plaintiff are true, the complaint fails as a matter of law "to state a claim upon which relief can be granted."

Whether a complaint states a claim for relief is assessed by reference to the pleading requirements of Fed. R. Civ. P. 8(a)(2). That rule provides that a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." The purpose of the rule is to provide the defendants with "fair notice" of the claims and the "grounds" for entitlement to relief. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007).

To survive a motion under Fed. R. Civ. P. 12(b)(6), a complaint must contain facts sufficient to "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570; *see Ashcroft v. Iqbal*, 556 U.S. 662, 684 (2009) (citation omitted) ("Our decision in Twombly expounded the pleading standard for 'all civil actions' . . . ."); *see also Willner v. Dimon*, 849 F.3d 93, 112 (4th Cir. 2017). But, a plaintiff need not include "detailed factual allegations" in order to satisfy Rule 8(a)(2). *Twombly*, 550 U.S. at 555. Moreover, federal pleading rules "do not countenance dismissal of a complaint for imperfect statement of the legal theory supporting the claim asserted." *Johnson v. City of Shelby, Miss.*, ___ U.S. ___, 135 S. Ct. 346, 346 (2014) (per curiam).

Nevertheless, the rule demands more than bald accusations or mere speculation. *Twombly*, 550 U.S. at 555; *see Painter's Mill Grille, LLC v. Brown*, 716 F.3d 342, 350 (4th Cir. 2013). If a complaint provides no more than "labels and conclusions" or "a formulaic recitation of the elements of a cause of action," it is insufficient. *Twombly*, 550 U.S. at 555. Rather, to satisfy the minimal requirements of Rule 8(a)(2), the complaint must set forth "enough factual matter (taken

6

as true) to suggest" a cognizable cause of action, "even if . . . [the] actual proof of those facts is improbable and . . . recovery is very remote and unlikely." *Twombly*, 550 U.S. at 556 (internal quotation marks omitted).

In reviewing a Rule 12(b)(6) motion, a court "must accept as true all of the factual allegations contained in the complaint" and must "draw all reasonable inferences [from those facts] in favor of the plaintiff." *E.I. du Pont de Nemours & Co. v. Kolon Indus., Inc.*, 637 F.3d 435, 440 (4th Cir. 2011) (citations omitted); *see Semenova v. MTA*, 845 F.3d 564, 567 (4th Cir. 2017); *Houck v. Substitute Tr. Servs., Inc.*, 791 F.3d 473, 484 (4th Cir. 2015); *Kendall v. Balcerzak*, 650 F.3d 515, 522 (4th Cir. 2011), *cert. denied*, 565 U.S. 943 (2011). But, a court is not required to accept legal conclusions drawn from the facts. *See Papasan v. Allain*, 478 U.S. 265, 286 (1986). "A court decides whether [the pleading] standard is met by separating the legal conclusions from the factual allegations, assuming the truth of only the factual allegations, and then determining whether those allegations allow the court to reasonably infer" that the plaintiff is entitled to the legal remedy sought. *A Society Without a Name v. Virginia*, 655 F.3d 342, 346 (4th. Cir. 2011), *cert. denied*, 566 U.S. 937 (2012).

Courts generally do not "'resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses'" through a Rule 12(b)(6) motion. *Edwards*, 178 F.3d at 243 (quoting *Republican Party v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992)). However, "in the relatively rare circumstances where facts sufficient to rule on an affirmative defense are alleged in the complaint, the defense may be reached by a motion to dismiss filed under Rule 12(b)(6)." *Goodman v. Praxair, Inc.*, 494 F.3d 458, 464 (4th Cir. 2007) (en banc); *accord Pressley v. Tupperware Long Term Disability Plan*, 553 F.3d 334, 336 (4th Cir. 2009). Because Rule 12(b)(6) "is intended [only] to test the legal adequacy of the complaint," *Richmond, Fredericksburg & Potomac R.R. Co. v.*

*Forst*, 4 F.3d 244, 250 (4th Cir. 1993), "[t]his principle only applies . . . if all facts necessary to the affirmative defense 'clearly appear[ ] on the face of the complaint.'" *Goodman*, 494 F.3d at 464 (quoting *Forst*, 4 F.3d at 250) (emphasis added in *Goodman*).

In evaluating the sufficiency of a complaint in connection with a Rule 12(b)(6) motion, a court ordinarily "may not consider any documents that are outside of the complaint, or not expressly incorporated therein . . . ." *Clatterbuck v. City of Charlottesville*, 708 F.3d 549, 557 (4th Cir. 2013); *see Bosiger*, 510 F.3d 442, 450 (4th Cir. 2007). However, a court may properly consider documents incorporated into the complaint or attached to the motion to dismiss, "'so long as they are integral to the complaint and authentic.'" *U.S. ex rel. Oberg v. Pennsylvania Higher Educ. Assistance Agency*, 745 F.3d 131, 136 (4th Cir. 2014) (quoting *Philips v. Pitt Cty. Memorial Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009)); *see Anand v. Ocwen Loan Servicing, LLC*, 754 F.3d 195, 198 (4th Cir. 2014); *Am. Chiropractic Ass'n v. Trigon Healthcare, Inc.*, 367 F.3d 212, 234 (4th Cir. 2004), *cert. denied*, 543 U.S. 979 (2004).

Accordingly, when resolving a Rule 12(b)(6) motion, a court may consider certain exhibits, without converting the motion to dismiss to one for summary judgment. *Goldfarb v. Mayor & City Council of Balt.*, 791 F.3d 500, 508 (4th Cir. 2015). In particular, a court may consider documents that are "explicitly incorporated into the complaint by reference and those attached to the complaint as exhibits . . . ." *Goines*, 822 F.3d at 166 (citations omitted); *see also U.S. ex rel. Oberg*, 745 F.3d at 136; *Anand*, 754 F.3d at 198; *Am. Chiropractic Ass'n*, 367 F.3d at 234; *Phillips v. LCI Int'l Inc.*, 190 F.3d 609, 618 (4th Cir. 1999).

However, "before treating the contents of an attached or incorporated document as true, the district court should consider the nature of the document and why the plaintiff attached it." *Goines*, 822 F.3d at 167 (citing *N. Ind. Gun & Outdoor Shows, Inc. v. City of S. Bend*, 163 F.3d

449, 455 (7th Cir. 1998)). "When the plaintiff attaches or incorporates a document upon which his claim is based, or when the complaint otherwise shows that the plaintiff has adopted the contents of the document, crediting the document over conflicting allegations in the complaint is proper." *Goines*, 822 F.3d at 167. Conversely, "where the plaintiff attaches or incorporates a document for purposes other than the truthfulness of the document, it is inappropriate to treat the contents of that document as true." *Id.*

A court may also "consider a document submitted by the movant that was not attached to or expressly incorporated in a complaint, so long as the document was integral to the complaint and there is no dispute about the document's authenticity." *Goines*, 822 F.3d at 166 (citations omitted); *see also Woods v. City of Greensboro*, 855 F.3d 639, 642 (4th Cir. 2017), *cert. denied*, 138 S. Ct. 558 (2017); *Kensington Volunteer Fire Dep't. v. Montgomery Cty.*, 684 F.3d 462, 467 (4th Cir. 2012). To be "integral," a document must be one "that by its 'very existence, and not the mere information it contains, gives rise to the legal rights asserted.'" *Chesapeake Bay Found., Inc. v. Severstal Sparrows Point, LLC*, 794 F. Supp. 2d 602, 611 (D. Md. 2011) (citation omitted) (emphasis in original).

**B. Analysis**

The Severn Defendants allege that the Third-Party Defendants breached the terms of the Release, for which they seek injunctive relief, specific performance, and monetary damages. ECF 105 ¶¶ 82-116. The Release, attached as an exhibit to the Third-Party Complaint, is governed by Maryland law. ECF 105-1 ¶ 13. Under Maryland law, "[r]eleases are interpreted according to established principles of contract interpretation." *Auslander v. Helfand*, 988 F. Supp. 576, 580 (D. Md. 1997) (citing *Bernstein v. Kapneck*, 290 Md. 452, 459, 430 A.2d 602 (1981)). To allege breach of contract, a plaintiff must plead "that the defendant owed the plaintiff a contractual

9

obligation and that the defendant breached that obligation." *Taylor v. NationsBank, N.A.*, 365 Md. 166, 175, 776 A.2d 645, 651 (2001).

The Severn Defendants allege the existence of a valid contractual obligation owed by Third-Party Defendants under the Release. ECF 105 ¶¶ 83, 84, 94, 107; *see* ECF 105-1. Specifically, they allege that the Third-Party Defendants violated Section 4(e) of the Release, under which the Third-Party Defendants agreed not to "voluntarily aid, abet, collude with, or conspire with, any individual or entity with respect to bringing or litigating any claim or cause against the Severn Entities based on any conduct or event that occurred prior to the Effective Date of this Agreement." ECF 105 ¶¶ 84, 94, 107. As the Court noted in its May 23, 2019 Amended Memorandum Opinion, the Release explicitly extends to the named parties: Darrell Landers, FF-Landers,[4] Severn, FF-Severn, and all of their "successors in interest, assigns, officers, shareholders, agents, employees, and partners." *See* ECF 129 at 26; ECF 105-1 at 2, 8-9. Thus, the Third-Party Defendants are bound by the terms of the Release. *See* ECF 105-1 at 10-11 ("[T]his Agreement has been executed by the Parties hereto, under seal, in a manner and form sufficient to bind them, as of the day and year first above written.").

The Severn Defendants also allege that the Third-Party Defendants breached their obligation under the Release by assisting Laura Landers and UOM in bringing and litigating the underlying lawsuit. ECF 105 ¶ 59. The Third-Party Defendants contend that the Third-Party Complaint fails to state a claim for relief because its allegations "either relate to the post March 3, 2018 conduct or are part of a claim against other Defendants."[5] ECF 119 at 4. In fact, however,

---

[4] FF-Landers is the same entity as Third-Party Defendant LND Technologies, LLC. *See* ECF 105 ¶¶ 5, 6.

[5] In their Reply in Support of their Motion to Dismiss, the Third-Party Defendants take issue with the Court's reasoning for its dismissal of Count VII in its Amended Memorandum of Law. ECF

the Third-Party Complaint alleges conduct by the Third-Party Defendants that pre-dates the March 3, 2018 Release. For example, the Severn Defendants allege the Third-Party Defendants' involvement in Plaintiffs' preparation of the underlying lawsuit by: providing emails, dated January 30, 2018, that Darrell Landers sent to the new owners of the FunFlicks brand, for both the original and Amended Complaints; providing text messages, dated January and February of 2018, that Darrell Landers exchanged with James Gaither and Chad Hunter regarding FunFlicks licensing and the sale of the brand to Severn; providing Plaintiffs with a copy of the Release, which Plaintiffs reference in detail in their original and Amended Complaints; and providing sworn affidavits in support of Plaintiffs' Motion for a Temporary Restraining Order. ECF 105 ¶¶ 63-74, 77, 78-80.

All of these alleged actions may plausibly constitute violations of the Third-Party Defendants' warranty in the Release not to "voluntarily aid, abet, collude with, or conspire with, any individual or entity with respect to bringing or litigating any claim or cause against the Severn Entities based on any conduct or event that occurred prior to the Effective Date of this Agreement." *See* ECF 105-1 ¶ 4(e). Thus, the Severn Defendants have adequately pled a breach of contract claim, for which they may be entitled to monetary damages, injunctive relief, and/or specific performance. Accordingly, the Third-Party Defendants' Motion to Dismiss, ECF 119, is denied.

---

139 at 2 n.2 (citing ECF 129 at 39). While Third-Party Defendants state that the Court changed its opinion "without any explanation," and that Severn Defendants were part of the "defined" parties subject to Count VII, the Court dismissed Count VII because Plaintiffs did not allege any specific facts pertaining to the Severn Defendants under that Count. *See* ECF 129 at 39-40.

## III. Preliminary Injunction

### A. Legal Standard

A party seeking a preliminary injunction must clearly demonstrate that (1) he is likely to succeed on the merits, (2) he is likely to suffer irreparable harm in the absence of preliminary relief, (3) the balance of equities tips in his favor, and (4) an injunction is in the public interest. *Winter v. Natural Res. Defense Council, Inc.*, 555 U.S. 7, 20 (2008); *see Dewhurst v. Century Aluminum Co.*, 649 F.3d 287, 290 (4th Cir. 2011). All four elements must be satisfied. *Real Truth About Obama, Inc. v. Fed Election Comm'n*, 575 F.3d 342, 346 (4th Cir. 2009), *vacated on other grounds and remanded*, 130 S. Ct. 2371 (2010), *reaff'd in part and remanded*, 607 F.3d 355 (4th Cir. 2010). As to irreparable harm, the movant must show the harm is "neither remote nor speculative, but actual and imminent." *Direx Israel, Ltd. v. Breakthrough Medical Group*, 952 F.2d 802, 812 (4th Cir. 1991) (citation omitted).

A preliminary injuction affords "an extraordinary and drastic remedy" prior to trial. *See Munaf v. Green*, 553 U.S. 674, 689-90 (2008). "Issuing a preliminary injunction based only on a possibility of irreparable harm is inconsistent with [the Supreme Court's] characterization of injunctive relief as an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Winter*, 555 U.S. at 22. The Fourth Circuit has established that preliminary injunctive relief is an "extraordinary remedy involving the exercise of very far-reaching power [and is] to be granted only sparingly and in limited circumstances." *MicroStrategy, Inc. v. Motorola, Inc.*, 245 F.3d 335, 339 (4th Cir. 2001).

### B. Analysis

The Severn Defendants seek a preliminary injunction enjoining the Third-Party Defendants from "aiding, abetting, colluding with, and/or conspiring with" the Plaintiffs in the underlying

lawsuit "for any conduct and/or events that occurred prior to March 3, 2018." ECF 106 at 1. They argue that they are suffering actual and imminent harm because "they have been forced to defend themselves in the Lawsuit." ECF 106-1 at 15-16. They also argue that the harm is near impossible to remedy at a later date with money damages because of the difficulty in determining what portion of potential damages result directly from the Third-Party Defendants' actions in allegedly assisting Plaintiffs in the underlying lawsuit. *Id.*

The Court is not convinced that the Severn Defendants face irreparable harm in the absence of preliminary relief. Irreparable harm "must be neither remote nor speculative, but actual and imminent." *Direx*, 952 F.2d at 812. The thrust of the Severn Defendants' argument is that they must defend against the evidence that was allegedly provided to Plaintiffs by the Third-Party Defendants in violation of the Release. ECF 106-1 at 14-15. They seek to "enjoin Darrell Landers and LND from aiding, abetting, colluding with and/or conspiring with Laura Landers and UOM in the Lawsuit," but their allegations wholly rely on actions that the Third-Party Defendants have already taken. *See* ECF 106-1 at 16; ECF 105 ¶¶ 17-81. The Severn Defendants do not identify any ongoing or imminent harm posed by the Third-Party Defendants, but instead allege conduct that has already occurred, for which they may properly seek relief under their claim for breach of contract. To the extent the Severn Defendants suggest the irreparable harm is the ongoing litigation, the Release does not preclude Plaintiffs from suing the Severn Defendants, and the Severn Defendants have not established that Plaintiffs would have been unable to bring their claims without the alleged assistance from the Third-Party Defendants.

Moreover, in assessing irreparable harm, Plaintiffs presumably could have obtained elsewhere, specifically through discovery, the documents and information they allege to have been "voluntarily" provided by the Third-Party Defendants in violation of the Release. Finally, the

Severn Defendants' irreparable harm argument is belied by their delay in bringing their Third-Party Complaint, until almost a year after the Plaintiffs filed the underlying suit. *See* ECF 1 (filed July 27, 2018); ECF 105 (filed April 10, 2019).

In sum, though their Third Party-Complaint survived the Motion to Dismiss, the Severn Defendants' arguments do not merit the "extraordinary remedy of injunction." *See Winter*, 555 U.S. at 24. Accordingly, their Motion for Preliminary Injunction, ECF 106, is denied.

## IV. Conclusion

For the reasons set forth above, I shall deny the Third-Party Defendants' Motion to Dismiss, ECF 119, and deny the Severn Defendants' Motion for Preliminary Injunction, ECF 106. A separate Order follows.

Dated: June 27, 2019                         /s/

                                              Stephanie A. Gallagher
                                              United States Magistrate Judge