# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

ULTIMATE OUTDOOR  
MOVIES, LLC, et al.,

    Plaintiffs,

v.                                   Civil Case No.: SAG-18-2315

FUNFLICKS, LLC, et al.,

    Defendants,

v.

DARRELL LANDERS and  
LND TECHNOLOGIES, LLC,

    Third-Party Defendants.

## MEMORANDUM OPINION

On July 27, 2018, Plaintiffs Ultimate Outdoor Movies, LLC and Laura Landers ("Plaintiffs") filed suit against Defendants Charles Hunter, Matthew Dias, and FunFlicks Audiovisuals (collectively "the California Defendants"); Todd Severn and FunFlicks, LLC (collectively, "the Severn Defendants"); and James Gaither and NATJAY, LLC (collectively, "the Gaither Defendants"). ECF 1. Plaintiffs amended the Complaint on November 8, 2018. ECF 21. The Gaither Defendants filed their Answer to the Amended Complaint on May 22, 2019. ECF 126. The California Defendants filed their Answer to the Amended Complaint on May 29, 2019. ECF 136.

Presently pending is Plaintiffs' Motion to Strike the Defendants James Gaither, NatJay, LLC, Charles Hunter, Matthew Dias, and FunFlicks Audiovisuals's Affirmative Defenses. ECF 137. The Gaither Defendants and the California Defendants opposed the Motion. ECF 145.

Plaintiffs did not file a Reply. No hearing is necessary. *See* Local Rule 105(6) (D. Md. 2018). For the reasons stated below, I shall grant Plaintiffs' Motion.

**I.  Background**

Plaintiffs' Amended Complaint alleged fraud; aiding and abetting; breach of contract; violations of the Maryland Uniform Trade Secrets Act, Md. Code Ann., Com. Law § 11-1201 *et seq.*, and the Federal Trade Secrets Act, 18 U.S.C. § 1836; defamation; intentional interference with contract; violations of the Federal Wiretap Act, 18 U.S.C. § 2511, and the Texas Wiretap Act, Tex. Civ. Prac. & Rem. Code Ann. § 123.001 *et seq.*; violations of the Federal Lanham Act, 15 U.S.C. §§ 1125(a)(1)(A)-(B); unfair competition; intentional interference with economic relations; and civil conspiracy. ECF 21. Plaintiffs alleged fourteen counts against James Gaither, twelve counts against NatJay, LLC, fourteen counts against Charles Hunter and Matthew Dias, and fourteen counts against FunFlicks Audiovisuals. *Id.*

On May 23, 2019, the Court dismissed Counts I, III, IV, V, VIII, IX, X, and XI against all Defendants, and dismissed Counts VI and XII against the California Defendants. ECF 130. The remaining claims against the Gaither Defendants are:  breach of contract (Count II)[1]; defamation (Count VI); violation of the Federal Lanham Act (Count XII); unfair competition (Count XIII); intentional interference with economic relations (Count XIV); and civil conspiracy (Count XV). ECF 21, 129, 130. The remaining claims against the California Defendants are: intentional interference with contract (Count VII); unfair competition (Count XIII); intentional interference with economic relations (Count XIV); and civil conspiracy (Count XV). *Id.*

---

[1] Count II is alleged against James Gaither individually, and not against NatJay, LLC. ECF 21 ¶¶ 317-331.

The Gaither Defendants' and the California Defendants' Answers to the Amended Complaint both assert the following affirmative defenses: Plaintiffs fail to state a claim upon which relief may be granted; Plaintiffs caused the damages sought in the complaint; and Plaintiffs' claims are barred by accord and satisfaction, assumption of the risk, failure of consideration, fraud, contributory negligence, illegality, license, injury by fellow servant, the doctrine of waiver and estoppel, laches, payment and release, res judicata, the statute of frauds, the statute of limitations, the doctrine of unclean hands, Plaintiffs' own breach(es), and failure to join necessary parties. ECF 126 at 36-37; ECF 136 at 31-32. Plaintiff seeks to strike these affirmative defenses for failure to comply with the pleading requirements set forth in Federal Rules of Civil Procedure 8 and 9(b). ECF 137.

## II. Discussion

Plaintiffs contend that the Gaither Defendants' and the California Defendants' affirmative defenses do not comply with Federal Rules 8 and 9, because the defenses are "only labels," and do not provide any substance, thereby depriving Plaintiffs of fair notice of the factual basis for the defenses. ECF 137 at-1 at 7. Under Federal Rule of Civil Procedure 12(f), a "court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Federal Rule 8(b)(1) requires a party responding to a pleading to "state in short and plain terms its defenses to each claim asserted against it." Federal Rule 9(b) requires a party alleging fraud or mistake to "state with particularity the circumstances constituting fraud or mistake." The Fourth Circuit has held that affirmative defenses sounding in fraud or mistake are subject to Federal Rule 9(b). *See Bakery & Confectionary Union & Indus. Int'l Pension Fund v. Just Born II, Inc.*, 888 F.3d 696, 704-05 (4th Cir. 2018).

3

Plaintiffs argue that the Gaither Defendants' and the California Defendants' affirmative defenses do not meet the pleading requirements set forth in *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L.Ed.2d 929 (2007) and *Ashcroft v. Iqbal*, 556 U.S. 662, 677-84, 129 S. Ct. 1937, 173 L.Ed.2d 868 (2009), and that their fraud defenses do not comport with the specificity required by Federal Rule 9(b). *Twombly* and *Iqbal* provide the level of specificity required for a plaintiff to meet Federal Rule 8(a)(2)'s requirement that the pleading contain "a short and plain statement of the claim showing that the pleader is entitled to relief." *See* Fed. R. Civ. P. 8(a)(2); *Twombly*, 550 U.S. at 555 (factual allegations must be more than "labels or conclusions," and "must be enough to raise a right to relief above the speculative level"); *Iqbal*, 556 U.S. at 678-79 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.").

While neither the Supreme Court nor the Fourth Circuit has ruled on whether *Twombly* or *Iqbal* applies to affirmative defenses, District Court judges in this district have reached different conclusions. *See Alston v. Transunion*, Case No.: GJH-16-491, 2017 WL 464369, at *2 (D. Md. Feb. 1, 2017) (comparing *Lockheed Martin Corp. v. United States*, 973 F. Supp. 2d 591, 595 (D. Md. 2013), *with Aguilar v. City Lights of China Rest., Inc.*, No. Civ.A DKC 11-2416, 2011 WL 5118325, at *4 (D. Md. Oct. 24, 2011)). One judge in this district has declined to apply the heightened pleading standard to affirmative defenses because of the "unfairness of holding defendants to as stringent a standard as plaintiffs, who have significantly more time to draft their complaint…" *Id.* (citing *LBCMT 2007-C3 Urbana Pike, LLC v. Sheppard*, 302 F.R.D. 385, 387-88 (D. Md. 2014); *Lockheed Martin Corp.*, 973 F. Supp. 2d at 594). However, this Court, along with the majority of judges in this district, has held that the heightened pleading standard of *Twombly* and *Iqbal* applies to affirmative defenses, because "'it would be incongruous and unfair

to require a plaintiff to operate under one standard and to permit the defendant to operate under a different, less stringent standard.'" *Id.* at *3 (quoting *Topline Sols., Inc. v. Sandler Sys., Inc.*, No. L-09-3102, 2010 WL 299S836, at *1 (D. Md. July 27, 2010)); *see also Topline Sols., Inc. v. Sandler Sys., Inc.*, Civil Action No. ELH-09-3102, 2017 WL 1862445, at *38-39 (D. Md. May 8, 2017) (collecting cases where the judges in this district applied the heightened pleading standard to affirmative defenses); *Blind Indus. & Servs. of Maryland v. Route 40 Paintball Park*, No. WMN-11-3562, 2012 WL 2946688, at *3 (D. Md. July 17, 2012) (Gallagher, M.J.).

The Gaither Defendants' and the California Defendants' affirmative defenses do not meet the heightened standard of pleading required by *Twombly* and *Iqbal* because they are mere "labels or conclusions." *See* ECF 126 at 36-37; ECF 136 at 31-32. As a result, the Gaither Defendants and the California Defendants must provide sufficient factual support to "ensure that [Plaintiffs] receive[] fair notice of the factual basis" for the assertion of each affirmative defense. *Haley Paint Co. v. E.I. Du Pont de Nemours and Co.*, 279 F.R.D. 331 (D. Md. 2012). The pleading standard requires that the "non-conclusory factual content and the reasonable inferences from that content[], must plausibly suggest a cognizable defense available to the defendant." *Id.* (citing *Ulyssix Techs., Inc. v. Orbital Network Engineering, Inc.*, No. ELH-10-2091, 2011 WL 631145, at *15 (D. Md. Feb. 11, 2011)).

As "striking a portion of a pleading is a drastic remedy," the Court will grant the Gaither Defendants and the California Defendants leave to amend their Answers, including only those affirmative defenses for which they can provide factual support sufficient to meet the standards laid out in *Twombly* and *Iqbal*, or, for affirmative defenses sounding in fraud, the specificity required by Federal Rule of Civil Procedure 9(b). *See Waste Mgmt. Holdings, Inc. v. Gilmore*, 252 F.3d 316, 347 (4th Cir. 2001); *Alston*, 2017 WL 464369, at *4.

5

## III. Conclusion

For the reasons set forth above, I shall grant Plaintiffs' Motion, ECF 137, and grant the Gaither Defendants and the California Defendants leave to amend their Answers on or before **August 14, 2019**. A separate Order follows.


Dated: July 24, 2019                                          /s/

                                                              Stephanie A. Gallagher
                                                              United States Magistrate Judge